[No. 6500.   Decided February 19, 1907.]

STAHL BREWING & MALTING COMPANY, *Respondent*, v. HENRY VAN BUREN, *Appellant*.[1]

LANDLORD AND TENANT—RECOVERY OF POSSESSION—EVIDENCE OF TENANCY—SUFFICIENCY. In an action of unlawful detainer, upon an issue as to whether defendant, who originally went into possession under an assignment of a lease without the written consent of the lessor as required by the lease, was in possession as tenant from month to month of plaintiff, who had a subsequent lease from the owner, findings in favor of the plaintiff are sustained by evidence that the defendant paid rent to the plaintiff and proffered rental after being notified to leave the premises.

SAME — FORCIBLE ENTRY AND DETAINER — PARTIES — ACTION BY LESSEE AGAINST SUBTENANT. Under Laws 1905, p. 173, § 3, subd. 6, providing that any person who, without permission of the "owner" or color of title, enters upon the land of another and who fails to remove after three days notice, is guilty of forcible entry or detainer, the action may be maintained by a lessee entitled to possession, against one who was in possession as a subtenant of such lessee from month to month, and who paid rent to such lessee; the word "owner" not being restricted to the record or title owner of the land.

[1]Reported in 88 Pac. 837.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered July 9, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action of unlawful detainer. Affirmed.

*Sharpstein & Sharpstein,* for appellant.

*Lester S. Wilson,* for respondent.

DUNBAR, J.—This is an action of unlawful detainer, instituted by the respondent against the appellant. The case was tried without a jury, and resulted in a judgment in favor of respondent as prayed for in the complaint. From such judgment this appeal is taken.

It appears from the stipulation of facts that one Anna Rose was, on the 2d day of January, 1903, the owner of the property described in the complaint, and then made to the Preston Company, a corporation, a lease of said premises; that thereafter, through different assignments of said lease, and with the written consent of the said Anna Rose, one Charles Gholson was in lawful possession of said premises under the lease. The lease has a stipulation to the effect that it cannot be assigned without the consent in writing of said Anna Rose. The appellant bought the saloon stock from said Gholson, who was occupying the premises under the lease as aforesaid, and had some talk with Mrs. Rose about being substituted for Gholson in the lease; but, according to the testimony of Mrs. Rose, no understanding was arrived at, a difference of opinion having arisen between them as to the value of the lease. The next day after her conversation with the appellant, she leased the lands to the respondent. There was some contention between respondent and the appellant as to whether the appellant was not in possession under the Preston Company lease. But the trial court found that the defendant Henry Van Buren, from the 1st day of November, 1905, occupied the premises described

in paragraph 2 of plaintiff's complaint as the tenant from month to month of the plaintiff in this action, and at all times since has continued, and continues, to occupy the same as such tenant. Notwithstanding the contention of the appellant that he was not on the premises as a tenant of the respondent, it does appear that he paid the rental to the respondent, and proffered the rental after the respondent had notified him to leave the premises; and we think from the whole record that the finding of the court in this respect was amply justified. This is the only finding that it seems to us it is necessary to notice in the disposition of this case.

It is the contention of the appellant that no relation existed between respondent and appellant that entitled respondent to maintain this action of unlawful detainer against appellant; that the appellant does not come within the terms of subdivision 1 or 2, § 5525, Bal. Code (P. C. § 1168), an act in relation to forcible entry and detainer, which provides that "every person is guilty of a forcible entry who either,—By breaking open windows, doors, or other parts of a house, or by fraud, intimidation, or stealth, or by any kind of violence or circumstance of terror, enters upon or into any real property; or Who, after entering peaceably upon real property, turns out by force, threats, or menacing conduct, the party in actual possession;" and that he does not fall within subdivision 1 or 2 of § 5526 (P. C. § 1169), which, in substance, provides that any one is guilty of forcible detainer who, by force or menace, unlawfully holds and keeps the possession, etc., or who in the nighttime enters upon real property of another, etc.

It may be that this action could not be sustained under the statute quoted, but that statute, which is chapter 96 of the Laws of 1891, was amended by chapter 86 of the Laws of 1905, page 173. Subdivision 6 of § 3 of that act, designating who is guilty of forcible entry or forcible de-

tainer, provides, among other things, that any person is so guilty who shall, without the permission of the owner and without having any color of title thereto, enter upon the land of another and who shall fail or refuse to remove therefrom after three days notice in writing, to be served in the manner provided in the act. The word "owner" it is evident is used there in a more comprehensive sense than the record or title owner of the land, and under this statute, at least, we think there can be no question that this action can be sustained under the findings of the court and the testimony given.

The judgment is therefore affirmed.

HADLEY, C. J., MOUNT, RUDKIN, FULLERTON, CROW, and ROOT, JJ., concur.